# EXHIBIT A

EXHIBIT A

Skip to main content

# 18CV000870 REO, ANTHONY DOMENIC vs . CHARTER COMMUNICATIONS INC EAL

- Case Type:
- (CV) CIVIL
- Case Status:
- Open
- File Date:
- 06/04/2018
- DCM Track:
-
- Action:
- CIVIL
- Status Date:
- 06/04/2018
- Case Judge:
- LUCCI, EUGENE A.
- Next Event:
-

All Information   Party   Docket

## Docket Information

| Date | Docket Text |
|---|---|
| 06/04/2018 | Initial civil action deposit  Receipt: 390704  Date: 06/04/2018 |
| 06/04/2018 | Complaint, case designation sheet,  pre-trial order, filed.  Receipt: 390704  Date: 06/04/2018 |
| 06/05/2018 | Issue Date:  06/05/2018<br>Service:  Summons and all pleadings listed - FedEx<br>Method:  FEDEX<br>Cost Per:  $2 writ $11 FedEx<br><br>CHARTER COMMUNICATIONS INC<br>400 ATLANTIC STREET<br>STAMFORD, CT   06901<br>Tracking No: 781273031194 |
| 06/08/2018 | FEDEX SERVICE DELIVERED<br>Method    : FEDEX<br>Issued     : 06/05/2018<br>Service    : Summons and all pleadings listed - FedEx<br>Served    : 06/08/2018<br>Return    : 06/08/2018<br>On           : CHARTER COMMUNICATIONS INC<br>Signed By : J.REGALADO<br><br>Reason    : FedEx Delivered<br>Comment   : 06/08/2018 10:04 am: Delivered<br><br>Tracking #: 781273031194 |

# SUMMONS
## COURT OF COMMON PLEAS
## LAKE COUNTY OHIO

ANTHONY DOMENIC REO
    Plaintiff

VS.

Case Number: **18CV000870**
Judge EUGENE A. LUCCI

CHARTER COMMUNICATIONS INC
    Defendant

To the following named DEFENDANT(S):
    CHARTER COMMUNICATIONS INC
    400 ATLANTIC STREET
    STAMFORD CT 06901

You have been named a Defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio. A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

    BRYAN ANTHONY REO
    PO BOX 5100
    MENTOR OH 44060

You are hereby summoned and required to do the following:

1. **Within 28 days after service of this Summons upon you, serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff, if he/she has no attorney of record;**

2. **Within 3 days after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer with your original signature with the Lake County Clerk of Court.**

**Calculations of time are exclusive of the day of service.**

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

    Maureen G. Kelly
    Clerk, Court of Common Pleas
    Lake County, Ohio
    25 N. Park Place
    Painesville OH 44077

    By *Nikki Battista*
    Deputy Clerk

June 5, 2018

**FILED**

**2018 JUN -4 PM 1:16**

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

## STATE OF OHIO
## IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
## CIVIL DIVISION

| | |
|---|---|
| **ANTHONY DOMENIC REO**<br>7143 Rippling Brook Lane<br>Mentor, OH 44060<br><br>       Plaintiff,<br>v.<br><br>**CHARTER COMMUNICATIONS INC.**<br>400 Atlantic Street<br>Stamford, CT 06901<br><br>       Defendant. | 18CV000870<br>EUGENE A. LUCCI |

**REO LAW, LLC**
By: Bryan Anthony Reo (#97470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

### PLAINTIFF'S COMPLAINT
### (JURY DEMAND ENDORSED HEREON)

NOW COMES Anthony Domenic Reo (Plaintiff), by and through the undersigned attorney, and hereby propound upon Charter Communications Inc (Defendant) and this Honorable Court Plaintiffs' Complaint:

### I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Consumer Sales Practices Act, R.C. §

1345.01 *et seq.* ("CSPA"), the Telephone Solicitation Sales Act, R.C § 4719.01 *et seq* ("TSSA"), and related common law claims.

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3. Defendant is a limited liability company existing by and through the laws of the State of Missouri, with a headquarters in Connecticut, conducting extensive business and maintaining an extensive presence in the state of Ohio.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227. R.C. § 2305.01; 47 U.S.C. § 227(b)(3)(a).

5. This Court enjoys personal jurisdiction over Defendant because Defendant conducts business in the state of Ohio and Defendant directed communications to Plaintiff with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Plaintiff maintains at all times relevant to this Complaint a residential telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); number ending in 6060.

8. Plaintiff's residential telephone line has been listed on the national Do Not Call Registry since before Defendant called Plaintiff's residential telephone line as detailed in this Complaint.

9. Defendant made telephone calls to Plaintiff's residential telephone from—but not limited to— telephone number: (844) 844-0091

10. Defendant initially called Plaintiff throughout early-mid 2017, despite "do not call" requests made by Plaintiff to Defendant.

11. Defendant called Plaintiff's residential telephone on November 14, 2017, at approximately 5:54 p.m. EST and initiated an unsolicited auto-dialed sales call which consisted of an ATDS directing the call to a live human employee who attempted to sell Plaintiff cable television services. Plaintiff made a "do not call request" and ended the call.

12. Defendant then called Plaintiff's residential telephone *nine* times on November 17, 2017, starting at 2:40 pm and ending at 2:50 pm. There were nine separate calls, Plaintiff has caller ID screen shots of the nine separate calls, recordings of the calls, and each call caused great annoyance to Plaintiff as it intruded on the peace of his home life and caused the phone to ring again and again.

13. The barrage of calls on 11/17/2017 constituted a nuisance due to the sheer volume and the short amount of time in which the calls were made.

14. Plaintiff recorded the entirety of the call from paragraphs 11 and 12 and will be entering certified transcript of the recordings as evidence and using the recordings as evidence at any trial or hearing on this matter.

15. Defendant used an Automated Telephone Dialing System ("ATDS"), which has the capability for predictive dialing, the storing and generating of random numbers for dialing, for all telephone calls as described in this Complaint. This is evidenced by the perceptible delay after Plaintiff repeatedly said "Hello?" but before Defendant's agent came on the call and an audible mechanical sound being heard by Plaintiff at the onset of the telephone calls.

16. All of Defendant's calls to Plaintiff occurred after Plaintiff's "do not call" request, despite Plaintiff's number being on the national "do not call" registry.

17. Defendant called Plaintiff's residential telephone for the purpose of encouraging the purchase or rental of, or investment in, goods or services, which is transmitted to any person, thereby engaging in "telephone solicitation" as that term is defined by 47 U.S.C. § 227(a)(4).

18. Defendant regularly, on behalf of itself or others, engages in telephone solicitation as a matter of business practice.

19. All telephone calls made by Defendant to Plaintiff were intrusive, disruptive, and annoying.

20. Plaintiff does not have any relationship with Defendant and Plaintiff never provided Defendant with express consent for Defendant to call Plaintiff's residential telephone; to the contrary Plaintiff made multiple requests in 2016 and 2017 that the calls cease, and Plaintiff's phone is listed on the national Do Not Call registry.

21. All telephone calls made by Defendant to Plaintiff as described in this Complaint constitute commercial advertising.

22. Plaintiff further notes that, based upon information and belief, Defendant has not obtained a solicitor surety bond with the State Attorney General's office and could be subject to forfeiture proceedings by the State Attorney General.

23. Plaintiff has never had any dealings with Defendant and Plaintiff has never provided information on his vehicle to Defendant or any third party entities.

24. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

25. Plaintiff requested a copy of Defendant's "do not call" compliance policies and as of the filing of this case has never received a copy.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

26. Plaintiff incorporates by reference Paragraphs 1-25 and 38-61 of this Complaint as if each is set forth herein.

27. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

28. Defendant placed calls to Plaintiff's residential telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's residential telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

29. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's residential telephone line when the recipient of the telephone call has

informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(2) and (3); 47 CFR 64.1200(d)(6).

30. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents and despite Plaintiff previously suing Defendant.

31. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents and despite Plaintiff previously suing Defendant. Upon information and belief, Defendant failed to record Plaintiff's previous do not call requests.

32. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents and despite Plaintiff previously suing Defendant. Upon information and belief, Defendant failed to properly train its personnel to record DNC requests and to maintain a DNC list.

33. Defendant violated the TCPA when Defendant called Plaintiff's residential telephone and violated provisions of the TCPA during said telephone calls.

34. Defendant negligently violated the TCPA in relation to Plaintiff.

6

35. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

36. In the alternative to the *scienter* of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

37. Defendant committed ten (10) violations of Count I of Plaintiff's Complaint.

## COUNT II
## STATUTORY VIOLATIONS OF THE 64 C.F.R. 1200(d)(1)

38. Plaintiff incorporates by reference Paragraphs 1-37 and 41-61 of this Complaint as if each is set forth herein.

39. Plaintiff requested that Defendant provide a copy of Do Not Call Compliance policies in accordance with the requirements of 64 CFR 1200(d)(1) and Defendant failed to do so. The FCC has provided that this is evidence that Defendant does not have any established policies, and therefore every call made in the absence of these policies is a violation.

40. Defendant committed ten (10) violations of Count II of Plaintiff's Complaint.

## COUNT III
## STATUTORY VIOLATIONS OF THE CSPA

41. Plaintiff incorporates by reference Paragraphs 1-40 and 50-61 of this Complaint as if each is set forth herein.

7

42. Defendant is a "person" as defined by R.C. § 1345.01(B).

43. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

44. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

45. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant solicited Plaintiff via phone to purchase goods or services as detailed within this Complaint.

46. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the TCPA and the regulations promulgated by the Federal Communication Commissions, by failing to have "do not call policies" in place before making calls, and by other deceptive and unfair acts in connection with a consumer transaction. Defendant also engaged in deceptive acts by referring to themselves as Time Warner when they are Spectrum/Charter Communications.

47. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the OCSPA. R.C. § 1345.09(B).

48. Since Defendant knowingly committed an act or practice that violates the OCSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F)(2).

49. Defendant committed at least forty (40 violations) of the CSPA, with each TCPA, 47 CFR 64.1200(d), and TSSA violation being a per se violation of the CSPA

8

## COUNT IV
## TELEPHONE SOLICITATION SALES ACT

50. Plaintiff incorporates by reference Paragraphs 1-49 and 54-61 and of this Complaint as if each is set forth herein.

51. Upon information and belief Plaintiff alleges that Defendant does not have the required certificate of registration issued by the Ohio State Attorney General's Office as required by R.C. 4719.02 to solicit Ohio consumers by telephone which is a per se violation of the TSSA and is deemed "unfair or deceptive" under R.C. § 1345.02. A violation of the TSSA is also a per se violation of the CSPA. Every single call made by Defendant, with Defendant lacking a certificate of registration to engage in telephone solicitation, is violative of R.C. § 4719.02 and thus a violation of the TSSA and CSPA.

52. Finally, Plaintiff is entitled to punitive damages if Plaintiff can demonstrate that the Defendant acted and violated the TSSA in a knowing fashion.

53. Defendant committed at least 10 violations of the TSSA.

## COUNT V
## DEFENDANT CREATED A NUISANCE PER SE

54. Plaintiff incorporates by reference Paragraphs 1-53 and 59-61 of this Complaint as if each is set forth herein.

55. Defendant contacted Plaintiff 9 times in a period of less than 15 minutes on 11/17/2017, in an act that can only be described as an attempt to beat Plaintiff into submission with an overly aggressive sales technique.

56. Contacting Plaintiff 9 separate times in a period of less than 15 minutes is highly offensive, invasive of privacy, and constitutes a nuisance as a matter of law.

9

57. Defendant's conduct was intentional, invasive, and intruded upon and destroyed the peace and serenity of Plaintiff's home.

58. In *Charvrat v. NMP*, LLC, 656 F.3d at 453 it was held that receipt of thirty calls after do-no-call request "could outrage or be highly offensive to a reasonable person," (declining to dismiss invasion-of-privacy claim as a matter of law). In the instant action there were not 30 calls over a period of some months but 9 calls in 15 minutes. The court in Charvat was faced with a chronic nuisance over a period of months, the instant action deals with an acute nuisance that happened within one day.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

59. Enter judgment against Defendant in Plaintiff's favor in an amount of money that does not exceed one hundred and fifty thousand dollars ($150,000.00) for general damages, statutory damages, treble damages, punitive damages, and the award of mandatory attorney's fees pursuant to R.C. § 4719.15(b) and R.C. § 1345.09(F)., and the award of mandatory court costs (as provided by R.C. § 4719.15(b).

60. Grant an injunction enjoining Defendant from contacting Plaintiff in the future with unlawful telemarketing calls.

61. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

*Bryan Reo*
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

10

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

Case: 1:18-cv-01527-CAB Doc #: 1-1 Filed: 07/05/18 15 of 16. PageID #: 19

# MAUREEN G. KELLY

## CLERK OF COURTS

Lake County Common Pleas Court

### ATTENTION ALL PARTIES TO THE CASE

Whether you are represented by an Attorney or representing yourself in this Legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.

Pre-trial orders and procedures are available on our website at

www.lakecountyohio.gov/coc

Select DOWNLOADS

Scroll to PRE-TRIAL ORDERS

Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.

If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.

**Maureen G. Kelly, Clerk of Courts**
Revised 7/1/2013 Pretrial orders